**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**AHMAD SAMIM MUNEER** **PETITIONER**

**V.** **CIVIL ACTION NO. 5:26-CV-276-DCB-BWR**

**RAFAEL VERGARA AND BRIAN ACUNA** **RESPONDENTS**

# ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 7] of Magistrate Judge Rath entered herein on July 23, 2026, in this action brought pursuant to 28 U.S.C. § 2241.

In the Report, Judge Rath recommended that the Petition [ECF No. 1] be denied and dismissed without prejudice because Ahmad Samim Muneer ("Petitioner")'s statutory claim under § 1225(b) is moot, and any constitutional, post-removal-period detention claims are premature under the framework set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner, represented by counsel, has timely filed Objections to the Report [ECF No. 8].

For the reasons set forth below, the Court adopts Judge Rath's findings and conclusions in full.

## I. BACKGROUND

As discussed in the Report, Petitioner entered the United States illegally in December 2024. [ECF No. 7 at 1]. Thereafter, Petitioner was detained and placed in removal proceedings. Id.; see also [ECF No. 1 at 3]. Since he has been detained, an

immigration judge denied Petitioner's applications for asylum, withholding of removal, and as well as protection under the Convention Against Torture in August 2025. [ECF No. 6-2]. Considering the record, the immigration judge ordered the Petitioner be removed to Afghanistan. Id. Petitioner appealed the immigration judge's decision and later filed his § 2241 Petition on April 2, 2026. See [ECF No. 1-14]; see also [ECF No. 1]. On April 22, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal. [ECF No. 6-3].

Judge Rath entered his Report on July 23, 2026, recommending the Petition [ECF No. 1] be dismissed without prejudice. See [ECF No. 7]. Petitioner, represented by counsel, timely filed an Objection to the Report on July 24, 2026. [ECF No. 8].

**II. STANDARD OF REVIEW**

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren

v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

**III. DISCUSSION**

Petitioner's Objection to Judge Rath's Report [ECF No. 8] brings four "Specific Objections" before the Court. See [ECF No. 8 at 3]. First, Petitioner asserts that the Report miscalculates the six-month presumptive period set forth in Zadvydas. Second, Petitioner argues the Report eliminated the need to analyze constitutional claims set forth in the Petition [ECF No. 1]. Third, Petitioner contends that dismissal of the Petition [ECF No. 1] would be premature without allowing supplementation of post-removal order facts. Lastly, Petitioner urges the Court to refrain from adopting a categorical rule that bars claims brought under § 1231 before the Zadvydas six-month presumptive period has expired.

After engaging in a de novo review of the record and an independent assessment of the law, the Court addresses its findings for each of these issues set forth in Petitioner's Objection [ECF No. 8] below.

**A. Petitioner’s first objection is overruled.**

Petitioner’s assertion that the Report miscomputes the Zadvydas six-month presumptive period is misguided. Petitioner states that “Zadvydas describes one six-month presumptive period, not ninety days plus six months.” [ECF No. 8 at 4]. Accordingly, Petitioner takes the stance that the removal period would start April 22, 2026, the day Petitioner’s order of removal became administratively final, and end on October 22, 2026, six months later. Id.; see also Ex. C to Resp. [6-3]. This is incorrect. Adopting this temporal assertion would disregard the 90-day removal period set forth in § 1231(a)(1)(A) and subsequently disregard the separate six-month post-removal period for § 1231(a)(6) established in Zadvydas. In fact, by this logic, Petitioner suggests that the removal period, which has been statutorily defined as ninety days, would be six months. Again, this logic is misinformed.

Zadvydas clearly established a six-month-presumptive-period clock that does not begin ticking until the 90-day removal period established under 8 U.S.C. § 1231(a)(1) has expired. As the Zadvydas Court stated,

> When an alien has been found to be unlawfully present in the United Sates and a final order of removal has been entered, the Government ordinarily secures the alien’s removal during a subsequent 90-day statutory ‘removal period,’ during which time the alien normally is held in custody. A special statute authorizes further detention if the government fails to remove the alien during those

> 90 days. . . In these cases, we must decide whether this post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal.

Zadvydas, 533 U.S. at 682 (emphasis added). The Court further illustrated the clear distinction between the 90-day removal period and post-removal period stating, "post-removal period detention, unlike detention pending a determination of removability or during the 90-day subsequent removal period, has no obvious termination point." Id. at 697. Finally, and perhaps most critically, the Court addressed the computation of the two separate removal periods:

> [C]ongress enacted the present law, which liberalizes pre-existing law by shortening the removal period from six months to 90 days. . . and adds the post-removal period here at issue.

Id. at 672. (emphasis added).

Both the statutory scheme and judicial precedent are clear. When combined, they establish a 90-day removal period and a separate six-month post-removal period. Applying ordinary principles of statutory interpretation, and relying on "judicial experience and common sense,"[1] the use of distinct terms for distinct periods indicates that the periods are, in fact, distinct. If the six-month presumptive period were merely part of the removal period as Petitioner suggests, the statute and reigning precedent

[1] Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

would effectively establish a sole six-month removal period. But as shown, this is not the case.

For these reasons, Petitioner's first objection to the Report's post-removal period calculation is overruled.

**B. Petitioner's second objection is overruled.**

Petitioner's second objection argues the Report mooted the constitutional challenges pleaded, or eliminated the need to analyze them. This is not so. In fact, the Report "liberally construed" the Petition to plead post-removal detention claims. [ECF No. 7 at 4]. The Report's determination of those claims as premature does not obviate the need for analysis; rather, it clarifies the appropriate time for that analysis to take place in accordance with well-established judicial precedent. Until new precedent establishes otherwise, the Magistrate Judge did not err in concluding any post-removal detention claims are premature in accordance with Zadvydas.

For the reasons stated above, Petitioner's second objection is overruled.

**C. Petitioner's third objection is overruled.**

Petitioner's third objection asserts dismissal is premature without supplementation of post-removal order facts. Subsequently, Petitioner has requested that the Court grant leave to file a supplemental petition addressing such facts. This request is denied.

First, in this case, an Objection is not the proper procedural mechanism for seeking leave to file a supplemental petition. If Petitioner sought to supplement his petition, he should have properly filed a motion to supplement. Second, even if the Court were to grant Petitioner leave to supplement his Petition, the post-removal detention claims remain premature under the framework set forth in Zadvydas. Considering this, the Court finds "[t]he better course is to continue resolving petitions, due process claims and all. . . ." Esquivel v. Mullin, No. 1:26cv2000, 2026 WL 2322821 at *3 (W.D. Tex. Aug. 10, 2026). Accordingly, the Court finds the claims should be dismissed without prejudice to promote judicial economy and bring the action to resolution. Petitioner may pursue any otherwise cognizable claims in a subsequent action when they become ripe.

For the reasons stated above, Petitioner's third objection is overruled.

**D. Petitioner's fourth objection is overruled.**

Petitioner's last objection "objects to any reading of the R&R that treats six months as a jurisdictional waiting period." [ECF No. 8 at 8]. The Court need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). Further, 28 U.S.C. § 636(b)(1) only requires the Court to "make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added).

The Court finds Petitioner's fourth objection is a general and conclusive objection that is overruled.

## IV. CONCLUSION

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. As such, Ahmad Samim Muneer's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is hereby dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 28 day of September, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATE DISTRICT JUDGE